Earl McGUIRE, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1978.

David A. Lambertus, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, HOWERTON and PARK, JJ.

HOWARD, Judge.

Appellant, Earl McGuire, Jr., was convicted of first degree burglary, after a trial by jury, and sentenced to ten years confinement in the penitentiary. Appellant was charged with first degree robbery and first degree burglary. He was acquitted of the robbery charge.

Michael Mosher, the victim, stated that he was accosted by a man in his apartment about nine o'clock p. m. on September 16, 1976. He testified that he struggled with the assailant and that the assailant fled after his (the assailant's) mask fell off. Nothing was taken from the apartment. Mosher gave a description of the assailant to the police and also described the car he fled in as a late model brown Ford or Mercury. Appellant's car is a dark brown over light brown 1971 Ford.

Detective Chester Shaffner showed Mosher a "photo-pak" on December 12, 1976. Mosher did not make a positive identification at that time. However, Mosher requested to see the pictures again and on December 18, 1976, Mosher made a positive identification of appellant as the assailant. Mosher also identified appellant at a lineup on February 28, 1977, and at the trial. Appellant testified at trial and stated that he did not commit the crime.

Other trial testimony will be discussed as it relates to the errors raised by appellant on this appeal.

Appellant raises as his first error the statements made by the Commonwealth At-

torney concerning the threatening phone calls Mosher received. The Commonwealth Attorney mentioned these threatening phone calls during his opening statement, asked Mosher on direct examination whether he had received any threatening phone calls, and referred to the calls in his closing statement. Mosher could not say who these calls were from. Counsel for the appellant strongly objected to the mention of the phone calls during the opening statement and the questioning of Mosher, but did not object during the closing argument.

In support of its contention that these comments and testimony about the threatening phone calls were proper, the Commonwealth states that it was only trying to strengthen Mosher's ultimate identification of appellant. The remarks about the phone calls were made to show the jury that Mosher was afraid because of receiving them and that was why he did not positively identify the appellant on December 12, 1976. The Commonwealth states that it was made clear to the jury that it was not alleging the appellant had made the calls, but merely that the victim received them. These contentions made by the Commonwealth hold about as much water as a sieve. This Court questions who, other than the appellant, could the jury possibly assume made the phone calls. Moreover, the Commonwealth attempted to bolster Mosher's testimony before it was impeached.

In *Campbell v. Commonwealth,* Ky., 564 S.W.2d 528, 531 (1978), the court reiterates the rule that "evidence that a witness has been threatened or otherwise influenced in an attempt to suppress his testimony is admissible in a criminal prosecution only where the threat was made by, or on behalf of, the accused."

The admission into evidence that Mosher received threatening phone calls was error. Objections were made, no admonitions were given, and the jury heard about these calls at three different points in the trial. This error was clearly prejudicial to the rights of appellant and he is entitled to a new trial.

Since the appellant is to receive a new trial, we will briefly discuss the remaining errors raised by him since they may be relevant upon retrial.

■ The Commonwealth Attorney made two comments in his closing argument, being that the appellant said "something about being out there in that house" and that appellant had "a lot of time to do some drinking" before the incident occurred. There was no proof as to either of these statements in the record and these comments were improper.

■ Appellant's counsel made two pre-trial motions requesting the Commonwealth to produce any statements made by the appellant, including oral statements. The Commonwealth replied that there were no written statements made by appellant and that it was not required to produce oral statements. Detective Shaffner testified as to an oral statement made by appellant.

RCr 7.24 applies, by its wording, only to written or recorded statements. Although it may be unfair to exclude oral statements allegedly made by a defendant from this rule, this Court is without authority to hold that such oral statements are discoverable.

■ The next error relates to Detective Shaffner's testimony about Mosher's reaction to the appellant's picture in the photo-pak. Shaffner testified that "Mosher's eyes got larger" when he came to appellant's picture. Based on this reaction, Shaffner testified that he could tell Mosher either recognized appellant's picture or was shocked by it. Shaffner stated that when he feels strongly that one of the pictures is a suspect, he watches the victim's face to see if there is recognition on the part of the victim.

The Commonwealth argues, in effect, that Shaffner is an expert concerning the reaction of victims in identifying alleged assailants and should be entitled to give his opinion on what certain physical reactions of victims mean. The Commonwealth likens this expertise to that of a drug user who testifies that a drug is what it purports to be.

Inasmuch as Shaffner's testimony is intricately connected to the threatening phone calls and the attempt to bolster Mosher's ultimate identification of appellant on December 18, we do not believe that Shaffner's testimony of his "impression" as to why Mosher's eyes got larger is admissible. We do not wish to establish a broad rule that police officers are competent to testify as to the meaning of a victim's physiogenic reactions to pictures in a photo-pak.

The judgment of the trial court is reversed and the appellant is granted a new trial in accordance with this opinion.

All concur.

Joseph M. Day, Ronald L. Gaffney, Charles D. Barnett, Barnett & Alagia, Louisville, for appellant.

Charles E. Carter, Owenton, for appellee.

Before HOWARD, HOWERTON and PARK, JJ.

HOWARD, Judge.